UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at PIKEVILLE

CIVIL ACTION NO. 7:19-CV-105-DLB

LORETTA KEATHLEY,                                                     PLAINTIFF,

v.                     **RECOMMENDED DISPOSITION**

WALMART, INC., *et al.*,                                        DEFENDANTS.

\* \* \* \* \* \* \* \* \*

Walmart brought this action before the Court by filing a notice of removal from the Pike Circuit Court. [R. 1]. On March 5, 2020, based on this Court's concerns following briefing on plaintiff's motion to remand, the parties were directed to submit a stipulation of dismissal of Keathley's federal claims pursuant to the Age Discrimination in Employment Act ("ADEA") within ten days of the Court's order or the undersigned would recommend that Keathley's motion be denied. [R. 15]. Although the stipulation of dismissal was untimely, plaintiff tendered a voluntary dismissal of her ADEA claim referenced in her complaint pursuant to the requirements set forth in Federal Rule of Civil Procedure 41(a) (1)(A)(ii). [R. 16].

Walmart acknowledges that it has the burden of proving proper federal jurisdiction since it removed. *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 155 (6th Cir. 1993). Since there is no longer a federal question for this Court to consider, Walmart says it cannot show that the amount in controversy requirement for diversity jurisdiction is "more likely than not" to exceed the $75,000 requirement under 28 U.S.C. 1332(a). [R. 11 at p. 1]; *see also Siding & Insulation Co. v. Acuity Mut. Ins. Co.*, 754 F.3d 367, 369 (6th Cir. 2014). Accordingly, since the amount in controversy

requirement for diversity jurisdiction is not currently legally certain to exceed the mandatory $75,000, this Court finds that there is no longer proper subject matter jurisdiction to proceed with this case in federal court. Therefore, after reviewing the record and being advised,

IT IS RECOMMENDED that Keathley's motion [R. 9] be GRANTED and this case be remanded to the Pike Circuit Court.

*** *** *** ***

The parties are directed to 28 U.S.C. § 636(b)(1) for a review of appeal rights governing this Recommended Disposition. Particularized objections to this Recommended Disposition must be filed with the Clerk of the Court within fourteen days of the date of service or further appeal is waived. FED. R. CIV. P. 72(b)(2); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005). A general objection that does not "specify the issues of contention" is not sufficient to satisfy the requirement of written and specific objections. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). Poorly drafted objections, general objections, or objections that require a judge's interpretation should be afforded no effect and are not sufficient to preserve the right of appeal. *Howard v. Secretary of HHS*, 932 F.2d 505, 508-09 (6th Cir. 1991). A party may respond to another party's objections within fourteen days of being served with a copy of those objections. FED. R. CIV. P. 72(b)(2).

Signed March 19, 2020.



Signed By:
*Edward B. Atkins*  EBA
United States Magistrate Judge